# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

CRAIG O. COPLEY,                          )
                                       )
                Petitioner,      )
          v.                     )   Civil Action
                                       )   No. 05-3061-CV-S-RED-H
ROBERT McFADDEN, Warden,                  )
United States Medical Center              )
for Federal Prisoners,                    )
Springfield, Missouri, et al.,            )
                    Respondents.     )

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, an inmate formerly confined in the United States Medical Center for Federal Prisoners, petitions this Court for a writ of habeas corpus in which he complains about his mental health commitment. The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b). Because petitioner's claims are not properly before this Court, it will be recommended that he be denied leave to proceed in forma pauperis.

As grounds for relief in habeas corpus, petitioner alleges that he should be discharged from his mental health commitment under 18 U.S.C. § 4246 because that commitment was illegal, and because he is no longer sufficiently dangerous to justify his commitment. Alternatively, he contends that he should be conditionally released from inpatient hospitalization. He also contends that, because he is a pretrial inmate, his rights have been violated because he has been in a locked status instead of open population, and he should not be required to accept anti-psychotic medication. It is also petitioner's assertion that he is entitled to compensatory damages for being

1

confined over one year.

A review of the records and files in this case establish that petitioner was properly committed for mental health care and treatment by the District Court for the Eastern District of North Carolina. The law is clear that jurisdiction on issues regarding the fact or duration of a mental health commitment and/or revocation of conditional release lies in the committing court. United States v. Copley, 25 F.3d 660, 662 (8th Cir. 1994). Accordingly, habeas corpus relief is not available in this district, but rather, if at all, in the committing court. See Archuleta v. Hedrick, 365 F.3d 644, 648-49 (8th Cir. 2004).

As the government asserts, moreover, the dismissal of the indictment against petitioner has no bearing on his commitment and the continued viability of that commitment. Additionally, petitioner is properly hospitalized at the Medical Center, which has been determined to be a suitable facility in which to house mentally ill inmates. Phelps v. United States Bureau of Prisons, 62 F.3d 1020, 1023 (8th Cir. 1995). He has no constitutional right to be confined in a particular ward of that facility. Regarding petitioner's complaints about taking anti-psychotic medication, he has failed to demonstrate that any of his rights concerning treatment, including medication, have been violated under the appropriate prison regulations or the Supreme Court guidelines enunciated in Washington v. Harper, 494 U.S. 210 (1990).

Petitioner has also made a claim for damages, which are not available in a suit involving habeas corpus relief. Further, there is no indication that he has administratively exhausted this claim under the Federal Tort Claims Act, or that he is entitled to damages under a potential Bivens action involving a claim again attempting to challenge his mental health commitment.

Because this Court lacks jurisdiction of petitioner's claims and because his complaints are

Case 6:05-cv-03061-RED   Document 14   Filed 05/19/05   Page 2 of 3

otherwise without merit, it must be recommended that the petition for habeas corpus relief be dismissed.

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 22 of the United States District Court for the Western District of Missouri,

RECOMMENDED that petitioner be denied leave to proceed in forma pauperis, and that the petition for a writ of habeas corpus be dismissed without prejudice.

/s/ James C. England
JAMES C. ENGLAND
United States Magistrate

Date:    5/19/05

Case 6:05-cv-03061-RED   Document 14   Filed 05/19/05   Page 3 of 3